**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE GUTIERREZ,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:16-1134** |
| **v.** | : | **(JUDGE MANNION)** |
| **B. SMITH, SUPERINTENDENT,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner, Eddie Gutierrez, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his conviction and sentence imposed in the Court of Common Pleas of York County. Id. The petition is ripe for disposition. For the reasons outlined below, the petition will be denied.

I.    **Background**

The Pennsylvania Superior Court summarized the factual background of this case as follows:

Appellant, Eddie Gutierrez, appeals from the judgment of sentence entered on April 16, 2012 after his jury conviction of aggravated assault causing serious bodily injury, aggravated assault causing serious bodily injury with a deadly weapon, simple assault, and reckless endangerment.[1] We affirm.

We take the following facts from our review of the trial notes of testimony in this matter. On February 18, 2011, after having lunch together at a local soup kitchen, the victim, Felito Rosario-Morales, and Appellant returned to their respective rooms at the Hanover Motel, where Rosario-Morales lived on the second floor and Appellant resided on the third. (**See** N.T. Trial, 2/06/12, at 72, 88; N.T. Trial, 2/07/12, at 181-82). Rosario-Morales was scheduled to work one-half hour later at the National Pretzel factory in his job as forklift operator, and he had a pocketknife in his jeans, which he used for opening boxes. (**See** N.T. Trial, 2/06/12, at 75-77; N.T. Trial, 2/07/12, at 140-42). Rosario-Morales telephoned Appellant regarding loans between them, although each man argued that the other owed him money. (**See** N.T. Trial, 2/06/12, at 83-84; N.T. Trial, 2/07/12, at 271). During a later phone call, Appellant invited Rosario-Morales to come upstairs. (**See** N.T. Trial, 2/06/12, at 88). Thereafter, Appellant retrieved a kitchen knife, which he concealed behind his back while he waited in the hallway for Rosario-Morales' arrival. (**See** N.T. Trial, 2/07/12, at 289, 316). On the victim's arrival, the two men engaged in a verbal altercation. (**See id.** at 154, 315). Detective Craig Culp testified that Appellant told him that Rosario-Morales did not appear to be armed. (**See** N.T. Trial, 2/09/12, at 344).

Video surveillance and Rosario-Morales' testimony showed that Appellant stabbed Rosario-Morales as he was turning away. (**See** N.T. Trial, 2/06/12, at 92-93; N.T. Trial, 2/07/12, at 316). Hanover Motel resident Jerome Small observed Appellant, still armed with the knife, chase an unarmed Rosario-Morales down the hall as he attempted to flee. (**See** N.T. Trial, at 2/07/12, at 155, 158). When Rosario-Morales collapsed, he and Appellant continued to exchange words until Appellant left the building.

---

[1] 18 Pa.C.S.A. §§2701(a)(1), 2702(a)(4), 2701(a)(1), and 2705, respectively.

(**See** N.T. Trial, 2/06/12, at 92-93). Upon their arrival, the police observed Rosario-Morales in what appeared to be extreme pain, with a stab wound and a brown, flesh-colored organ hanging out of his wound about three inches. (**See** N.T. Trial, 2/07/12, at 214-15).

Paramedics transported Rosario-Morales to York Hospital, where he received immediate surgery for a tear in the outer layer of his colon, a large hematoma in the upper right side of the abdomen, a damaged duodenum, two stab wounds to the small intestine, and three stab wounds to the mesoderm. (**See id.** at 167-72). Rosario-Morales remained in the hospital for eighteen days following surgery. (**See** N.T. Trial, 2/06/12, at 99).

On February 13, 2012, a jury convicted Appellant of the above-mentioned crimes.[2] On April 16, 2012, the trial court sentenced Appellant to no less than nine nor more than eighteen years' incarceration in a state correctional institution. The court denied Appellant's post-sentence motion and motion for reconsideration of sentence on September 25, 2012. Appellant timely appealed.[3]

Appellant raises three questions for our review:

I.     Whether the evidence submitted at trial was insufficient to support the verdict of guilty when the Commonwealth failed to prove Appellant's actions were not justifiable self-defense[?]

II.     Whether the verdict was against the weight of the evidence submitted at trial and failed to rise to the level of proof required to support a conviction of aggravated assault when the evidence presented at trial established [the] victim came to Appellant's home armed with a knife and threatening Appellant with physical harm[?]

---

[2] The jury found Appellant not guilty of attempted criminal homicide.

[3] Appellant filed a timely statement of errors on October 31, 2012 and the court filed an opinion on May 28, 2013. **See** Pa.R.A.P. 1925.

III.    Whether the sentence of nine to eighteen years imposed by [the trial] court constitutes an abuse of discretion when the sentence imposed is inconsistent with the gravity of the offense and protection of the public and does not consider relevant mitigating factors[?]

(Doc. 14-1 at 1-4, Commonwealth v. Gutierrez, No. 1751 MDA 2012, unpublished memorandum (Pa. Super. filed Feb. 19, 2014)). On February 19, 2014, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. Id.

Thereafter, Appellant filed the instant PCRA petition. The court appointed counsel, and following an evidentiary hearing, denied relief. This appeal ensued.

The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the PCRA court authored a memorandum decision. The matter is now ready for this Court's consideration. Appellant presents one issue for our review, "Was it error for the PCRA court to conclude that trial counsel did not provide ineffective assistance by failing to present Mr. Gutierrez's mental health issues to the jury as part of the defense strategy?" Appellant's brief at 4.

(Doc. 14-2 at 1, Commonwealth v. Gutierrez, No. 1566 MDA 2014 , unpublished memorandum (Pa. Super. filed Aug. 7, 2015)). By Memorandum Opinion dated August 7, 2015, the Pennsylvania Superior Court affirmed the PCRA court's denial of Gutierrez' PCRA petition. Id.

Thereafter, Gutierrez timely filed the instant petition pursuant to 28 U.S.C. §2254.

- 4 -

## II.   **Grounds For Relief**

Gutierrez asserts the following grounds for relief:

1. The evidence was insufficient to prove Petitioner guilty of aggravated assault in light of his self-defense claim.

2. The verdict was against the weight of the evidence to support a conviction for aggravated assault involving a deadly weapon and infliction of serious bodily injury.

3. Petitioner's sentence of nine (9) to eighteen (18) years was an abuse of discretion by the sentencing court.

4. Trial counsel ineffective for not presenting mental health testimony.

(Doc. 1 at 5-11).


## III.   **Standard of Review**

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). 28 U.S.C. §2254, provides, in pertinent part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States

. . . .

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994) (citations omitted).

Section 2254(d)(1) applies to questions of law and mixed questions of law and fact. In applying it, this Court's first task is to ascertain what law falls within the scope of the "clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. §2254(d)(1). It is "'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision'." Dennis v. Sec'y, Pennsylvania Dep't of Corr., 834 F.3d 263, 280 (2016) (*en banc*) (quoting Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003)).

Once the "clearly established Federal law, as determined by the Supreme Court of the United States" is ascertained, this Court must determine whether the Superior Court's adjudication of the claim at issue was "contrary to" that law. Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (explaining that the "contrary to" and "unreasonable application of" clauses of §2254(d)(1) have independent meaning). A state-court adjudication is "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States" §2254(d)(1), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," Williams, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and

nevertheless arrives at a result different from [Supreme Court] precedent," id. at 406.

A "run-of-the-mill" state-court adjudication applying the correct legal rule from Supreme Court decisions to the facts of a particular case will not be "contrary to" Supreme Court precedent. Williams, 529 U.S. at 406. Therefore, the issue in most federal habeas cases is whether the adjudication by the state court survives review under §2254(d)(1)'s "unreasonable application" clause.

"A state court decision is an 'unreasonable application of federal law' if the state court 'identifies the correct governing legal principle,' but 'unreasonably applies that principle to the facts of the prisoner's case'." Dennis, 834 F.3d at 281 (quoting Williams, 529 U.S. at 413). To satisfy his burden under this provision of AEDPA's standard of review, Petitioner must do more than convince this Court that the Superior Court's decision was incorrect. Id. He must show that it "'*was objectively unreasonable*'." Id. (quoting Williams, 529 U.S. at 409) (emphasis added by Court of Appeals). This means that Petitioner must demonstrate that the Superior Court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." Richter, 562 U.S. at 103. As the Supreme Court noted:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. See Lockyer, supra, at 75, 123 S. Ct. 1166. If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, §2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under §2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.

Id. at 102.

The standard of review set forth at §2254(d)(2) applies when a petitioner "challenges the factual basis for" the state court's "decision rejecting a claim[.]" Burt v. Titlow, 571 U.S. 12, 18 (2013).7 "[A] state court decision is based on an 'unreasonable determination of the facts' if the state court's factual findings are 'objectively unreasonable in light of the evidence presented in the state-court proceeding,' which requires review of whether there was sufficient evidence to support the state court's factual findings." Dennis, 834 F.3d at 281 (quoting §2254(d)(2) and citing Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached

a different conclusion in the first instance'." Titlow, 571 U.S. at 18 (quoting Wood v. Allen, 558 U.S. 290, 301 (2010)); see Rice v. Collins, 546 U.S. 333, 342 (2006) (reversing court of appeals' decision because "[t]he panel majority's attempt to use a set of debatable inferences to set aside the conclusion reached by the state court does not satisfy AEDPA's requirements for granting a writ of habeas corpus."). Thus, "if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede'" the state court's adjudication. Wood, 558 U.S at 301 (quoting Collins, 546 U.S. at 341-42).

If the Superior Court did not adjudicate a claim on the merits, the Court must determine whether that was because Petitioner procedurally defaulted it. If the claim is not defaulted, or if Petitioner has established grounds to excuse his default, the standard of review at §2254(d) does not apply and the Court reviews the claim *de novo*. See, e.g., Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). However, in all cases and regardless of whether the standard of review at §2254(d) applies, the state court's factual determinations are presumed to be correct under §2254(e)(1) unless Petitioner rebuts that presumption by clear and convincing evidence. Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010); Nara v. Frank, 488 F.3d 187, 201 (3d Cir. 2007) ("the §2254(e)(1) presumption of correctness applies

regardless of whether there has been an 'adjudication on the merits' for purposes of §2254(d).") (citing Appel, 250 F.3d at 210).

Gutierrez' case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

## IV. Discussion

### A. Insufficient evidence to prove Aggravated Assault

The "clearly established Federal law" governing sufficiency of the evidence claims is set forth in the United States Supreme Court's decision in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. "Jackson leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts'." Coleman v. Johnson, 566 U.S. 650, 651 (2012) (quoting Jackson, 443 U.S. at 319).

In rejecting Gutierrez' sufficiency of the evidence claim, the trial court set forth the following:

Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

> In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

Commonwealth v. Moreno, 14 A.3d 133, 136 (Pa. Super. 2011), *appeal denied*, 44 A.3d 1161 (Pa. 2012) (citations omitted).

Clearly, the Superior court applied the Pennsylvania equivalent of the Jackson standard. (Doc. 14-1 at 4-5). See also Evans v. Court of Common Pleas, Delaware Cnty., 959 F.2d 1227, 1233 (3d Cir. 1992) (noting that the test for sufficiency of the evidence is the same under both Pennsylvania and federal law). Because the Superior Court applied the correct legal standard,

its adjudication satisfies review under the "contrary to" clause of §2254(d)(1).

See, e.g., Williams, 529 U.S. at 405-06.

We next consider whether the trial court's decision amounted to an "unreasonable application" of Jackson.

> Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury ... to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the [trial court's] verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the [trial court]." Cavazos v. Smith, 565 U.S. 1 (2011). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable'." Ibid. (quoting Renico v. Lett, 559 U.S.766 (2010)).
>
> - - -
>
> [T]he only question under Jackson is whether [the state court's] finding was so insupportable as to fall below the threshold of bare rationality. The state court of last review did not think so, and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. §2254(d).

Coleman, 566 U.S. at 651, 656.

Gutierrez' sufficiency of the evidence argument raised here echoes the argument raised in state court. (Doc. 6 at 10-26). He essentially argues that the Commonwealth failed to meet its burden of proof to disprove Petitioner's claim of justifiable self-defense beyond a reasonable doubt. Specifically, he claims that the Commonwealth "failed to prove that [he] did not reasonably

believe he was in imminent danger of death or great bodily harm and that it

was necessary to use deadly force in order to save himself from such harm"

and that he "had a duty to retreat or that [he] violated any such duty." Id.

    In considering the issue, the Superior court noted that:

> Once a defendant raises self-defense,[4] "the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense." **Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012) (citation omitted). The Commonwealth meets its burden if it proves one of the following: the defendant did not reasonably believe he was in danger of

---

[4] Section 505, justifiable self-defense, provides, in pertinent part, that:

> (b) **Limitations on justifying necessity for use of force.**
>
>      \*    \*    \*
>
>     (2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury . . . ; nor is it justifiable if:
>
> > (i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself. . . ; or
> >
> > (ii) the actor knows that he can avoid necessity of using such force with complete safety by retreating. . . .

18 Pa.C.S.A. §505(b)(2).

    Further, "believes" or "belief" is defined in 18 Pa.C.S.A. §501 as "reasonably believes" or "reasonable belief."

18 Pa.C.S.A. §501.

- 14 -

death or serious bodily injury; the defendant was the initial aggressor; or the defendant violated his duty to retreat. **See id.**

Here, at trial, the Commonwealth submitted evidence that Appellant asked Rosario-Morales to come to his room. (**See** N.T. Trial, 2/06/12, at 88). Video surveillance and Rosario-Morales' testimony established that Appellant stabbed Rosario-Morales when the man turned away. (**See** N.T. Trial, 2/06/12, at 92-93; N.T. Trial, 2/07/12, at 316). Additionally, although Rosario-Morales admitted that he did have a knife, he stated that it was folded in his pocket and that Appellant did not see it. (**See** N.T. Trial, 2/06/12, at 92; N.T. Trial, 2/07/12, at 141-42, 219, 344). Commonwealth eyewitness Jerome Small testified that he observed the armed Appellant chase an unarmed Rosario-Morales down the hall. (**See** N.T. Trial, 2/07/12, at 158).

Additionally, Appellant testified that he followed Rosario-Morales after the stabbing to get away from him, although Appellant knew that there was another exit from the third floor he could have used. (**See id**. at 291). After the incident, instead of going to the police station or turning himself in to authorities, Appellant testified that he got rid of the knife and fled. (**See id.** at 306, 319-20).

Based on the foregoing, viewing the evidence in the light most favorable to the Commonwealth, we conclude that it was sufficient to prove that Appellant was not in reasonable fear of death or serious bodily injury, that he was the aggressor, and that Appellant violated his duty to retreat. **Mouzon, supra** at 740, **Moreno, supra** at 136.

Significantly, Gutierrez does not argue that the state court's reliance on the above testimony and evidence "was so insupportable as to fall below the threshold of bare rationality." Coleman, 566 U.S. at 656. Instead, he argues that the testimony of the victim, as well as Police Officer, Dr. K. Clancy, J. Small and Ms. Knight, was unreliable, inconsistent, and

contradictory, resulting in evidence being insufficient to disprove Petitioner's claim of justifiable self-defense beyond a reasonable doubt.  (Doc. 6).

"28 U.S.C. §2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Indeed, under the Jackson standard, "the assessment of the credibility of witnesses is generally beyond the scope of review." Schlup v. Delo, 513 U.S. 298, 330 (1995). The proper question is not whether the witnesses were credible, but "whether there is sufficient evidence which, if credited, could support the conviction." Id. Further, Coleman cautioned courts that Jackson does not permit "imping[ing] on the jury's role as factfinder" through "fine-grained factual parsing." Coleman, 566 U.S. at 655. Rather, "Jackson leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.' [Jackson, 443 U.S.] at 319." Id.

Taking into consideration all of this evidence as a whole and viewing the evidence in the light most favorable to the prosecution, the Court finds that the state court's conclusion that there was sufficient evidence to disprove Petitioner's self-defense claim and prove Petitioner's guilt. There

simply is no possibility that fair-minded jurist could find that this determination conflicts with applicable Supreme Court precedent. Nor, based on review of the state court evidence, is it an unreasonable determination of the facts.

### b. Verdict was against the weight of the evidence

To the extent that Petitioner's second claim is that the verdict was against the weight of the evidence, such a claim, is purely a state law claim that is distinct from the sufficiency of the evidence claim, and, as such, it is not cognizable in federal habeas corpus. Tibbs v. Florida, 457 U.S. 31, 37-45 (1982) (consideration of reliability of testimony "is a hallmark of review based on evidentiary weight, not evidentiary sufficiency"; it is different from a claim that the evidence was insufficient to support the conviction); Carnevale v. Sup't, Albion SCI, 654 F. App'x 542, 548 n.5 (3d Cir. 2016) (the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus); see, e.g., Lockhart v. Patrick, No. 3:06-cv-1291, 2014 WL 4231233, *22 (M.D. Pa. Aug. 24, 2014) (a claim that the verdict was against the weight of the evidence "is simply not a cognizable claim in federal habeas proceedings as it raises solely a state law claim").

### c. Sentencing court abused its discretion

Petitioner claims that "the sentence imposed was an abuse of discretion when the state court did not take into consideration relevant mitigating factors, which made the sentence inconsistent with the gravity of the offense. (Doc. 6 at 27).

This claim is inappropriate for federal habeas review. Gutierrez essentially asks the federal court to sit as an appellate court and critique a Pennsylvania court's discretionary sentencing decisions and application of state law. We decline this invitation, as we must. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (alteration in original) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ). This issue does not implicate federal law or constitutional concerns. Therefore, the claim falls outside the scope of Section 2254 review. See id.; 28 U.S.C. §2254(a).

### d. Ineffective assistance of trial counsel

Petitioner claims that trial counsel was ineffective for failing to "uncover and present any evidence of the Petitioner's mental health or mental impairment." (Doc. 6 at 33).

The clearly established ineffective assistance of counsel standard as determined by the Supreme Court of the United States is as follows:

- 18 -

Ineffective assistance of counsel claims are "governed by the familiar two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Shelton v. Carroll, 464 F.3d 423, 438 (3d Cir. 2006) (citing Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)). For AEDPA purposes, the Strickland test qualifies as "clearly established Federal law, as determined by the Supreme Court." Williams, 529 U.S. at 391, 120 S.Ct. 1495. Under Strickland, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687, 104 S.Ct. 2052. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688, 104 S.Ct. 2052. This review is deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

Id. at 689, 104 S.Ct. 2052

> Not every "error by counsel, even if professionally unreasonable, ... warrant[s] setting aside the judgment of a criminal proceeding." Id. at 691, 104 S.Ct. 2052. "Even if a defendant shows that particular errors of counsel were unreasonable, ... the defendant must show that they actually had an adverse effect on the defense"; in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. Id. at 693, 104 S.Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.

In assessing an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding.... In every case the court should be concerned with whether ... the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696, 104 S.Ct. 2052.

Rainey v. Varner, 603 F.3d 189, 197–98 (3d Cir. 2010).

When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold'." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.

The Superior Court stated that the proper standard governing ineffective assistance of counsel claims requires the Petitioner "[t]o plead and prove ineffective assistance of counsel a petitioner must establish:  "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's

act or failure to act. Commonwealth v. Stewart, 84 A.3d 701, 706 (Pa. Super. 2013( *en banc*)." (Doc. 14-2, at 3, Gutierrez, No. 1566 MDA 2014, slip. op. at 3). The Third Circuit has specifically held that the very ineffectiveness assistance of counsel test relied upon by the Superior Court in this matter is not contrary to the Supreme Court's Strickland standard. See Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, we find that the Superior Court's decision is not contrary to Strickland.

In applying the Strickland standard, the Superior Court determined the following:

> We begin by noting that Appellant has failed to cite any pertinent case law in the argument portion of his brief. However, trial counsel testified at the PCRA evidentiary hearing that she spent significant time discussing Appellant's mental health issues with him. Trial counsel pointed out that a pretrial evaluation of his mental health was performed and the "evaluation was very negative. It did not help Mr. Gutierrez at all." N. T., 8/ 20/ 14, at 31. She maintained that it was her view that the mental health issues might backfire, and she did not believe it would be helpful for his self-defense claim. In this latter respect, trial counsel opined that her strategy was to show that Appellant was a reasonable person acting in self-defense and that discussing his mental health problems may have led some jurors to convict. She also testified that it was ultimately Appellant's decision not to pursue introducing his mental health issues. The PCRA court determined that trial counsel acted reasonably and that Appellant could not demonstrate prejudice.
>
> In light of trial counsel's testimony, we find that the PCRA court did not err in concluding that trial counsel had a reasonable basis for not further exploring Appellant's mental health issues. Trial counsel proffered that the mental health report she received was

damaging to Appellant and that she sought to portray him as a reasonable person acting in self-defense. Providing evidence that Appellant was mentally unstable could have undermined that defense. Pursuing the self-defense claim argued herein was not a decision that no competent counsel would have undertaken. Order Affirmed.

(Doc. 14-2 at 4-5).

It is well-settled that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. The record supports the state court's conclusion that defense counsel's decision to not pursue Petitioner's mental health status was made after thoroughly investigating the law and facts. Since Petitioner's defense strategy was that he acted in self-defense, Petitioner's mental health issues would have undermined this defense. Given these circumstances, the Court concludes that the Superior court reasonably applied Strickland in holding that defense counsel's performance was not deficient under the first prong of the Strickland test. Accordingly, the Court will deny relief on this claim.

## V.   Certificate of Appealability

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the

denial of a constitutional right.'" Tomlin v. Britton, 448 Fed.Appx. 224, 227 (3d Cir. 2011) (citing 28 U.S.C. §2253(c)). "Where a district court has rejected the constitutional claims on the merits, ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that Court's assessment of the claims debatable or wrong. Accordingly, a COA will not issue.

## VI.   <u>Conclusion</u>

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2022**
16-1134-01

- 23 -